# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHLEY B. WOMACK | § | |
| | § | Civil Action No. 4:18-CV-567 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| RUSTIN P. WRIGHT | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 30, 2018, the report of the Magistrate Judge (Dkt. #16) was entered containing proposed findings of fact and recommendations that the Court *sua sponte* remand Plaintiff Ashley B. Womack and Defendant Rustin P. Wright's underlying family law proceeding to the Sixth Judicial District Court, Lamar County, Texas. Having received the report and recommendation of the Magistrate Judge, having considered Wright's timely filed objections (Dkt. #22), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the report as the findings and conclusion of the Court.

### RELEVANT BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety. Accordingly, the Court sets forth only those facts pertinent to the filed objections.

Defendant Rustin Wright ("Wright") removed the instant case, a family law matter between two Texas parties involving child custody, from the Sixth Judicial District Court of Lamar County, Texas to the Eastern District of Texas, Sherman Division, on August 9, 2018. Previously, on May 17, 2013, Plaintiff Ashley B. Womack ("Womack") filed a Motion for Enforcement, a Motion to Modify, and a Temporary Restraining Order against Wright, in the Sixth Judicial District Court, Lamar County, Texas (Dkt. #1). The state court thereafter entered several orders related to Wright and Womack's minor child, A.G.F.W.[1], including an Order Setting Hearing on Writ of Habeas Corpus for Child, "commanding [Wright] to produce and have before [the state court] on August 9, 2018 at 1:30 p.m. A.G.F.W., a child, and to appear for a hearing to determine whether the child should be returned to [Womack]" (Dkt. #1 at p. 42). On August 9, 2018, the date of the state court hearing, Wright filed a "Notice of Petition; and Verified Petition for Warrant of Removal" ("Notice of Removal"), purporting to remove the state court action to the United States District Court for the Eastern District of Texas, Sherman Division (Dkt. #1). Wright contends removal of this action is proper pursuant to:

> 28 U.S.C. §§ 1443 and 1446(b) [constitutional challenge to state statutes under special Section 1443 civil rights removal], as well as 28 U.S.C. §§ 1331, 1343, and 1367 [standard federal questions, and federal supplemental jurisdiction over intertwined state law claims], further pursuant to the Federal Consumer Credit Protection Act, 15 USC §§ 1601, et seq., and yet also again, as further independent jurisdiction under the False Claims Act, 31 USC § 3729, et seq.

(Dkt. #1 at p. 1) (emphasis omitted).

Wright previously removed this same family law proceeding pursuant to § 1443 from the Sixth Judicial District Court, Lamar County to the Eastern District of Texas, Sherman Division. *Womack v. Wright*, Cause No. 4:15-cv-601 (E.C.F. No. 27) (E.D. Tex. June 1, 2016). In that case,

---

[1] The Court uses this pseudonym to refer to the minor child of Ashley Womack and Rustin Wright.

Judge Clark found, as the Magistrate Judge has found herein, that § 1443 is inapplicable. As a result, Judge Clark ordered the case remanded to the state court. *See id*.

On November 30, 2018, the Magistrate Judge entered a report and recommendation (Dkt. #16), recommending that the Court *sua sponte* remand Womack and Wright's divorce proceeding to the Sixth Judicial District Court, Lamar County, Texas. On December 14, 2018, Wright filed his "Objections to Report and Recommendations; and Demand for Penal Investigations into Willful Obstructions of Justice by Court Officers" (Dkt. #22).

## OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Wright lodges multiple complaints against the report. Namely, Wright objects that the report: (1) is "meritless" because no valid motion to remand is pending before the Court (Dkt. #22 at p. 47); (2) incorrectly analyzes § 1443's inapplicability to the removal of his state court family law proceedings (Dkt. #22 at p. 9); and (3) erroneously recommends remand in light of his claims under 15 U.S.C. § 1673, the Consumer Credit Protection Act ("CCPA"), and the False Claims Act (Dkt. #22 at pp. 6, 45).

### *Court's Obligation to Consider Subject Matter Jurisdiction*

Wright argues that the Magistrate Judge's recommendation to *sua sponte* remand his family law proceedings without any corresponding motion to remand is "not even authorized by law" and "wholly faulty" (Dkt. #22 at p. 47) (emphasis omitted).

3

In recommending remand of the family law proceeding *sua sponte*, the Report and Recommendation expressly noted that "[a]lthough no motion to remand the state court proceeding has been filed herein, it does not negate that the Court "has an affirmative duty to raise [] issues regarding subject matter jurisdiction, *sua sponte*, whenever a problem with subject matter jurisdiction is perceived." (Dkt. #16 at p. 6). Contrary to Wright's contention that there was nothing for the Magistrate Judge to report on yet, the Court must examine its jurisdiction regardless of whether a motion to remand is pending. *Akins v. Liberty Cty., Texas*, No. 1:10-CV-328, 2010 WL 11552952, at *2 (E.D. Tex. Dec. 13, 2010). Wright's objection is overruled.

*Section 1443 Removal*

Wright raises various objections to the Report and Recommendation's findings under § 1443 as it relates to Wright's state court family law proceedings, including:

- [The Magistrate Judge] has clearly decided to willfully and fraudulently reuse yet once more and laughably again the very same wholly inapplicable case of *Louisiana v. Wells*, which was a *pro se* litigant who used Section 1441 to attempt removal and did not also include the proper direct facial constitutional challenges (Dkt. #22 at p. 2) (emphasis omitted).

- The State of Texas must surpass pre-deprivation "serious parental unfitness" due process hurdles, and that by clear and convincing evidence, before it may then, and only then, remove the custodial rights of any parent to his or her own natural child (Dkt. #22 at p. 9).

- State family court judges are barred from any involvement in Title IV-D child support matters of their own given respective counties due to the pecuniary conflicts of interests to such county officers within the Title IV-D system (Dkt. #22 at p. 9).

- Causes of action over federal torts are well established as perfectly proper federal subject matter jurisdiction even if regarding state domestic relations cases (Dkt. #22 at p. 9).

- Removal under 28 USC § 1443 is timely filed within thirty days of the aggrieved litigant first ascertaining the existence of his or her right to remove (Dkt. #22 at p. 9).

4

- Civil rights removal via Section 1443 is quite different from all other removal types in substantive and procedural respects, often even as mutually exclusive from each other (Dkt. #22 at p. 9) (emphasis omitted).

- Racial litmus tests may not be used by federal courts to arbitrarily deny otherwise equal access rights to federal court jurisdiction over equal rights issues (Dkt. #22 at p. 9) (emphasis omitted).

- Federal courts may not entertain abstention doctrines to defy clear and unambiguous federal statutory language that expressly authorizes state case intervention (Dkt. #22 at p. 9) (emphasis omitted).

Wright removed this case pursuant to the civil rights removal statute, 28 U.S.C § 1443, which authorizes the removal of a civil rights action pending in state court. Specifically, § 1443 allows removal of any pending civil actions:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.[2]

Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Because the record does not establish that Wright is a federal officer or agent, Wright's right to removal must fail under § 1443(1).

---

[2] Wright argues, without any supporting authority, that § 1443 "**creates a <u>NEW</u> cause of action**, which is a new *federal* cause of action of direct constitutional challenge against state statutes" (Dkt. #22 at p. 5) (emphasis in original). Wright is mistaken; § 1443 is not a freestanding cause of action, but rather, a vehicle for the removal of civil actions from state court. *See* 28 U.S.C. § 1443.

Under 28 U.S.C. § 1443(1), the removing party must satisfy a two-pronged test to remove an action: (1) the removing party must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality" *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); and (2) the removing party must prove he has been "denied or cannot enforce" the specific civil rights in state court. *Id.* at 794.

## *"Racial Inequality"*

Wright argues that *Rachel*, which he refers to as the "'racial inequality' litmus test []. . . is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional" (Dkt. #22 at p. 8) (emphasis omitted). The Court has already considered this exact same argument in a similar case, *Parris v. Parris*, No. 4:17-CV-504, 2017 WL 5184567 (E.D. Tex. Nov. 9, 2017):

> Defendant asserts the "'racial inequality' litmus test often used by federal courts to arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional." Recently, the Fifth Circuit considered a litigant's appeal of the district court's order remanding his criminal case to state court pursuant to § 1443(1). *Kruebbe v. Beevers*, No. 16-30469, 692 F. App'x 173, 174 (5th Cir. 2017). In deciding to remand Kruebbe's criminal case, the district court found that the Supreme Court in *Rachel* held "the phrase 'any law providing for. . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 175 (quoting *Rachel*, 384 U.S. at 792). Kruebbe argued the district court erred in remanding his case because the Supreme Court's decision in *Rachel* was reversed by *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979). *Id.* Considering this argument, the Fifth Circuit held that *Chapman* involved the interpretation of a different statute, 28 U.S.C. § 1343, and therefore, did not overturn *Rachel*. *Id.* at 175–76. "On the contrary, *Chapman* reiterated *Rachel*'s holding, explaining that § 1443 'was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment' and was therefore 'limited to racially based claims of inequality.'" *Id*. at 175 (quoting *Chapman*, 441 U.S. at 622) ("When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.") (internal quotations omitted). Ultimately, the Fifth Circuit held that "[i]n requesting his case be removed to federal court, 'Kruebbe did not allege that he was denied or unable to enforce rights under any law

> providing for equal civil rights stated in terms of racial equality. Therefore, § 1443(1) did not apply to his criminal prosecution.'" *Id.* at 175–76. Given the Fifth Circuit's recent precedent, the Magistrate Judge properly relied upon the *Rachel* two-prong test and the Supreme Court's holding that § 1443 is limited to racially based claims of inequality.

2017 WL 5184567, at *4. Wright's objection is overruled, and upon review, the Court finds that Wright has failed to satisfy either prong of the *Rachel* test regarding his family law proceedings.

### *Divorce Proceedings*

Turning to the first prong, Wright "has not demonstrated [that] his claims arise under a federal law 'providing for specific civil rights stated in terms of racial equality'" (Dkt. #16 at p. 11) (quoting *Rachel,* 384 U.S. at 792). Wright argues that removal of his divorce proceedings under § 1443 are proper because "the [unlawful] deprivation of a natural parent's child custody by state court action DOES effect a cognizable injury within the federal courts, i.e., within this Court, and *so on that ground alone*, this Petitioner has already 'well pled' a cognizable action herein." (Dkt. #22 a p. 5) (emphasis in original).

Wright's "constitutional challenges" broadly assert alleged violations of Wright's due process rights and equal protection rights due to unconstitutional state statutes or procedures employed in Wright's underlying state court proceeding. However, Wright's claims are not based upon racial inequality. Because Wright has failed to establish that his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality," Wright's removal of his family law proceeding fails to satisfy the first prong of the *Rachel* test. *See Evans v. State of Florida Dep't of Revenue Child Support Enf't*, 3:09CV467/MCR/EMT, 2010 WL 419399, at *1 (N.D. Fla. Jan. 28, 2010), *aff'd sub nom. Evans v. Echeverri*, 433 F. App'x 878 (11th Cir. 2011).

Turning to the second prong, the Court concludes, as did the Magistrate Judge, that Wright "has failed to show any Texas law or policy prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims,' in the state court proceedings"

7

(Dkt. #16 at p. 13) (internal quotation marks omitted). In connection with this prong, Wright objects to the Report and Recommendation's use of *Wells*, 2015 WL 1276713, because the case involved "a *pro se* litigant who used SECTION 1441 to attempt removal and did NOT also include the proper direct and facial constitutional challenges" (Dkt. #22 at p. 2) (emphasis in original). Wright is mistaken. In *Wells*, the plaintiff did "not provide any grounds for this court's removal jurisdiction, and instead broadly reference[d] various removal statutes, 28 U.S.C. §§ 1441–1446." *Id*. at *4. The court found "[t]hrough process of elimination, [] that Mr. Wells [wa]s asserting removal pursuant to the civil rights removal statue, 28 U.S.C. § 1443," and then analyzed the plaintiff's removal papers under § 1443. *Id*. Wright's objection is overruled.

*Abstention Doctrines*

Wright next objects that "[f]ederal courts may not entertain abstention doctrines to defy clear and unambiguous statutory language that expressly authorizes state case intervention" (Dkt #22 at p. 43). In *Huffaker*, the court remanded a case where the removal was premised under § 1443 on allegations that the removing party was denied equal protection and due process of law in his state divorce proceedings. 2009 WL 197806, at *1–2. Finding remand necessary, the *Huffaker* court noted that the "federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at *5 (quoting *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988)). Retaining jurisdiction on removal would require the court to address the prior orders of the state court and address "divorce and alimony, child custody, . . .child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id*. Wright's objection is overruled.

*Consumer Credit Protection Act and False Claims Act*

>Finally, Wright objects to remand because he:
>
>ha[s] already well established perfectly indisputable claims under the federal Consumer Credit Protection Act, for compelling the state court to cease and desist any further attempts to collect legally non-existent "child support" debt in violation of law, as well as under the federal False Claims Act, due to legal professionals routinely using falsified state court records and attendant fraudulent liens of "child support" and those many numerous and presently ongoing criminal acts of making false claims for federal reimbursements wherein the natural parent's pre-existing and constitutionally-superior rights to their own flesh-and-blood children were never even alleged as forfeited under serious parental unfitness, let alone ever actually proven and adjudicated away under the clear and convincing evidentiary standard

(Dkt. #22 at p. 51). Wright specifically alleges that:

>[t]he controlling law, 15 USC [§] 1673, is quite simple and unambiguously clear: FEDERAL STATUTORY PROHIBITION AGAINST THE INSTANT STATE COURT AND ITS ACTORS, from even attempting to "enforce" any such legally-fictitious "child support" debt, because pursuant to federal law [] that falsely created "debt" DOES NOT LEGALLY EXIST, and I have perfect right to sue in this federal court for the very same express violations of federal law and due process rights, to COMPEL THE STATE COURT INTO IMMEDIATE LEGAL COMPLIANCE WITH FEDERAL STATUTORY EXPRESS PROHIBITION AGAINST ANY ATTEMPT, TO VOID THE SAME, AND FOR FULL REPLEVIN OF SAME

(Dkt. #22 at p. 6) (emphasis in original).

As an initial matter, any counterclaims asserted by Defendant cannot be considered in determining the existence of removal jurisdiction. *Stump v. Potts*, 322 F. App'x. 379, 380 (5th Cir. 2009). Even so, section 1673 of the CCPA does not contain a private right of action; instead, "§ 1673 is enforced by the Secretary of Labor" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 501–02 (S.D.N.Y. 2015)*; Snapp v. U.S. Postal Service–Texarkana Mgmt. Sectional Ctr.,* 664 F.2d 1329, 1331 n. 7 (5th Cir. 1982) (recognizing, in a case brought under § 1673, the

"considerable doubt that a private individual has an implied right of action under Title III.")). Accordingly, Wright may not bring any claims under § 1673; this objection is overruled.[3]

*Other Objections*

Wright's filing includes various other nonsensical arguments and assertions, including that "[Judge] Nowak was WILLFULLY incompetent, she PURPOSEFULLY <u>violated</u> my due process rights and also <u>violated</u> my civil rights herein, and she must now be held fully accountable under civil, professional and criminal remedies for wanton violations of those same duly and well established constitutional and other federal rights" (Dkt. #22 at p. 3) (emphasis in original). The Court finds these allegations to be without merit. Wright's objection is overruled.

## CONCLUSION

Having considered Wright's objections (Dkt. #22), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge's report are correct and adopts the Magistrate Judge's report (Dkt. #16) as the findings and conclusions of the Court.

Accordingly, the Court **REMANDS** Wright's family law proceeding to the Sixth Judicial District Court, Lamar County, Texas.

**IT IS SO ORDERED**.
**SIGNED this 4th day of February, 2019.**

*[signature: Amos Mazzant]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[3] Additionally, insofar as Wright alleges that he has raised a claim under the federal False Claims Act, the Court finds that Wright's allegations do not establish any such claim that would allow the Court to have federal question jurisdiction over this matter. *Crutchfield v. State, Dep't of Human Res.*, No. 4:06-CV-40CDL, 2007 WL 2908270, at *4 (M.D. Ga. Sept. 28, 2007) (court rejected plaintiff's unsupported allegation that "this case is evidence that some States and their contractors are bringing fraudulent claims against non-custodial parents in order to receive additional money from the Federal Government" as a valid claim under the False Claims Act).