# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ASHLEY B. WOMACK § | |
| § | Civil Action No. 4:18-CV-567 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| RUSTIN P. WRIGHT § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's "Notice of Direct Judicial Conflicts of Interest, Demand for Mandatory Recusal Upon All Five of Five Prongs Under Section 455, and Declaration of Inability to Receive Any Fair and Honest Services" ("Motion to Recuse") (Dkt. #20). Having considered the relevant pleadings, the Court finds Defendant's Motion to Recuse should be denied.

Defendant filed the instant Motion to Recuse on December 14, 2018, seeking to recuse the undersigned under 28 U.S.C. § 455(b) (*see* Dkt. #20). Defendant also previously filed a "Notice of Judicial Disqualifications" (Dkt. #14) and has since filed a "Notice of Referral for Impeachment of USDJ Amos L. Mazzant III, or Removal for Derelictions of Office by Intentional Treason, Fraud, and Willful Gross Bad Behavior Including High Crimes and Misdemeanors" (Dkt. #24).[1] Construing the Motion to Recuse and Notices of Judicial Disqualification and Impeachment liberally, *pro se* Defendant alleges, recusal is mandatory in this case due to the undersigned's prior service on the Fifth Court of Appeals. Specifically, Defendant alleges that the undersigned "knows that he has already become both a civil and criminal defendant party. . . and that he is will [sic] be called as a material witness herein to testify regarding his. . . routine criminality while 'serving' on the Fifth Court of Appeals for one of the parties herein, i.e., that direct party herein being

---

[1] While these motions do not expressly seek recusal, given the similarity of the allegations, the Court also considers each of these filings herein. To the extent such filings were intended to seek recusal, the Court denies such requests for the reasons stated *infra*.

Respondent State of Texas - a party that still pays him money in the way of various pension(s) and/or other benefits" (Dkt. #20 at p. 3) (emphasis omitted), and as a result, "has remarkably manifest biases and prejudices concerning all matters herein, including as to either allowing or denying the proper and lawful outcome of this case" (Dkt. #20 at p. 4). Aside from these statements, the remainder of Defendant's filings merely make allegations against the broader judicial community (of which he includes the undersigned) (*see* Dkt. #24-1 at p. 2).

Under § 455, Defendant, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g.*, *United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). "Under 28 U.S.C. § 455 [], a party may request the recusal of a judge not only if 'he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' [28 U.S.C. § 455(b)], but also when 'his impartiality might reasonably be questioned,' [28 U.S.C. § 455(a)]". *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). "These provisions afford separate, though overlapping, grounds for recusal. Subsection (b)[] pertains to specific instances of conflicts of interest, while subsection (a) deals with the appearance of partiality generally." *Id*. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

In the instant case, and as noted *supra*, Defendant asserts recusal is appropriate because the undersigned "used to be one of Respondent State of Texas' state justices on the Fifth Court of Appeals of Texas" (Dkt. #20 at p. 2). Defendant's allegations are insufficient under either provision of § 455. *See McClelland v. Gronwaldt*, 942 F. Supp. 297, 303 (E.D. Tex. 1996).

"Under § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* (citing 28 U.S.C. § 455(a)). Defendant "must show that an average, reasonable person who knew all the circumstances would harbor doubts about the judge's impartiality." *Id.* (citing *Matter of Billedeaux,* 972 F.2d 104, 105 (5th Cir. 1992)). "The Fifth Circuit has consistently held that a reasonable person would not harbor doubts based upon mere speculation." *Id.* As "[a] judge should not recuse himself based upon unsupported, irrational, or highly tenuous speculation." *See id.* Defendant's allegations do not demonstrate recusal is appropriate under § 455(a).

Further, under 28 U.S.C. § 455(b), a judge shall disqualify himself where: (1) "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;" (2) "in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;" (3) "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;" (4) "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;" (5) "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person. . . is a party to the proceeding, acting as a lawyer in the proceeding, is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or is known by the judge to be a material witness in the proceeding." Defendant makes no assertions related to the undersigned's

3

time in private practice or alleges that the undersigned is a material witness (b)(2); specific knowledge of any counsel, party, or witness in the current proceeding (b)(3); or potential interests in the outcome of the instant matter (b)(4), (5). He merely states over and over that the undersigned is a criminal racketeering state judge who will be charged with high treason. No basis for recusal exists under § 455(b)(2)-(5).

With respect to § 455(b)(1), a judge shall "disqualify himself. . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). "Subsection (b)(1) has been narrowly interpreted to require that the bias or prejudice be directed at a party itself rather than its attorneys." *McClelland*, 942 F. Supp. at 303 (citing *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1412 (5th Cir. 1994); *Henderson v. Department of Public Safety and Corrections,* 901 F.2d 1296 (5th Cir. 1990)). Indeed, "[p]artiality for or against an attorney, who is not a party, is not enough to require disqualification unless it can be shown that such a controversy would demonstrate bias for or against the party itself." *Travelers Ins. Co.,* 38 F.3d at 1412. Defendant's Motion fails to detail any specific instances or actions meriting recusal of the undersigned other than the undersigned's general status as a former state appellate judge. Broadly construed, Defendant's accusations relate to the undersigned's status as and rulings as a state appellate judge. Such actions cannot form the basis of a motion to recuse in the instant case. *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). Indeed, "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of

prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). The Court finds no basis for recusal in this matter.[2]

### CONCLUSION

It is therefore **ORDERED** that Defendant's "Notice of Direct Judicial Conflicts of Interest, Demand for Mandatory Recusal Upon All Five of Five Prongs Under Section 455, and Declaration of Inability to Receive Any Fair and Honest Services" ("Motion to Recuse") (Dkt. #20) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 4th day of February, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff in his conclusion summarily references § 144. To the extent that Plaintiff also seeks recusal pursuant to § 144, Plaintiff has failed to submit a legally sufficient affidavit (*see* Dkt. #21).